IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **1:05cr094LG-JMR** |
| | § | |
| **TONTE DEON WALKER** | § | |

### ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Defendant, Tonte Deon Walker, for Bail Pending Appeal. After careful consideration of the Motion and applicable authority, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

Tonte Deon Walker was convicted of possession with the intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1), and possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k). Walker has appealed his conviction and sentence. He seeks release pending that appeal.

### DISCUSSION

In order to obtain conditions of release pending appeal a defendant must demonstrate by clear and convincing evidence that 1) the defendant is not likely to flee or pose a danger to the community; 2) the appeal is not for the purpose of delay; and (3) that the appeal raises a substantial

question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. 18 U.S.C. § 3142(b)(1).

Defendants convicted of certain crimes of violence, offenses for which the maximum sentence is life imprisonment or death, and offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act "shall...be detained." 18 U.S.C. § 3143(b)(2).[1] However, defendants convicted of serious crimes may be permitted conditions of release pending appeal upon an additional "clear showing" that there are "exceptional reasons why the defendant's detention would not be appropriate." 18 U.S.C. § 3145(c).

Walker has failed to demonstrate by clear and convincing evidence that the appeal raises a substantial question of law or fact. *See United States v. Valera-Elizondo* 761 F.2d 1020 (5th Cir. 1985). Moreover, Walker has failed to clearly show any exceptional reasons why his continued detention pending appeal would not be appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion of the Defendant, Tonte Deon Walker, for Release Pending Appeal, should be, and is hereby, **DENIED.**

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2006.

s/ *Louis Guirola, Jr.*<br>LOUIS GUIROLA, JR.<br>UNITED STATES DISTRICT JUDGE

---

[1] 18 U.S.C.A. § 3143
**(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.