IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:08CV194-LG |
| | § | CRIMINAL NO. 1:05CR94-LG-JMR-1 |
| | § | |
| TONTE DEON WALKER | § | |

### ORDER DENYING THE DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

**BEFORE THE COURT** is the Motion to Vacate, Set Aside, or Correct Sentence [50] filed by the defendant, Tonte Deon Walker, pursuant to 28 U.S.C. §2255. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion should be denied.

### FACTS

On September 13, 2005, Walker was pulled over by Officer Kenneth Garner of the Biloxi Police Department for violating a curfew that was allegedly enacted by the City of Biloxi after Hurricane Katrina. A loaded .32 caliber revolver, from which the serial number had been filed or scratched off, and several plastic bags containing 4 grams of cocaine base (crack cocaine) and 3.42 grams of cocaine hydrochloride were found in his vehicle.

The charges filed against Walker for violation of the curfew in Biloxi City Court were dismissed nolle prosequi. Walker claims that those charges were dismissed because there was no curfew in effect at the time he was arrested.

Federal charges were also brought against Walker for knowingly possessing a firearm from which the serial number had been obliterated or altered in violation of 18 U.S.C. § 922(k), possession of 4.2 grams of cocaine base ("crack") and 3.42 grams of cocaine hydrochloride with

intent to distribute in violation of 21 U.S.C. 841(a)(1), and knowingly carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §942. Walker filed motions seeking to suppress the drugs and gun, because he claimed that there was no curfew in effect in Biloxi at the time of his arrest. The motions were denied, and Walker was convicted of all of the charges filed against him. He was sentenced to a total of 117 months incarceration.

Walker appealed his conviction, alleging that this Court erred by denying his Motion to Suppress. The United States Court of Appeals for the Fifth Circuit affirmed this Court's decision to deny the Motions to Suppress, holding that a curfew was in effect in Biloxi at the time of Walker's arrest.

Walker also filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. In addition, he filed a Motion for Permission to Amend his pleadings to clarify that he was alleging that his attorney provided ineffective assistance of counsel by failing to request a jury instruction for the lesser included offense of simple possession. The Court finds that the Motion for Permission to Amend should be granted, and the Court will consider this additional claim of ineffective assistance of counsel.[1]

## DISCUSSION

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose

---

[1]Walker has filed a Motion to Reduce Sentence related to a Crack Cocaine Offense pursuant to 18 U.S.C. §3582, which was denied by this Court on June 24, 2008. Walker appealed the denial of his Motion, and the Government's Motion to Voluntarily Remand the case to this Court was granted. A mandate has not yet been issued regarding that Motion, and therefore, at this time that Motion is not before the Court.

the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).

In his Motion to Vacate, Walker alleges that his attorney, John W. Weber, III, provided him with ineffective assistance of counsel by failing to seek admission of certain evidence that demonstrated that no curfew was in effect in Biloxi, by failing to advise him of his sentencing exposure, by failing to seek a jury instruction regarding the lesser included offense of simple possession, by failing to advise him that he could accept a conditional plea agreement without losing his right to appeal, by advising him that he would lose the trial but have a good chance of winning on appeal, and by denying him the right to appeal to the United States Supreme Court by cancelling his services and failing to notify Walker of the Fifth Circuit's ruling. He also argues that the Government introduced perjured testimony at trial regarding the curfew, that the Court erred in finding that there was a curfew, and that there was insufficient evidence to sustain a conviction or infer intent to distribute cocaine. Finally, he argues that he should not have been charged with "aiding and abetting" or conspiracy, although there were no such charges.

**A. Ineffective Assistance of Counsel**

A criminal defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). In order to demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When considering whether counsel

provided ineffective assistance, the Court must presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance." *Id.* at 689.

In an affidavit, John Weber stated that Walker was informed of the possible sentence and that a conditional plea agreement was not offered by the Government. Weber also denied telling Walker that he would lose at trial but win on appeal. He also demonstrated that he informed Walker that the Fifth Circuit had affirmed his conviction in a timely fashion and that he informed Walker that he would no longer be representing him at that time. Therefore, the Court finds that Walker's arguments that Weber provided ineffective assistance of counsel by failing to keep him informed of the possible sentence, the conditional plea agreement, and the status of the appeal and by telling him that he would win on appeal are without merit.

Walker also argues that Weber failed to provide certain evidence to the Court that purportedly demonstrates the absence of a curfew. This evidence includes a Harrison County Emergency Management Agency Order, a printout from a newspaper website regarding the Harrison County Order, a booking form that shows that the curfew violation charge was dismissed, a letter from his former attorney that explains that the prosecution did not have a copy of a curfew ordinance when they appeared in City Court and decided to nolle prosequi the curfew charge, printouts dated September 19, 2005 and September 29, 2005 from the City of Biloxi webpage that discuss an 11 p.m. to 6 a.m. curfew, and a printout from the Biloxi website dated August 28, 2005, that imposed a 9:00 p.m. curfew due to the storm's approach.

Walker was arrested after 8:00 p.m. but before 11:00 p.m. on September 13, 2005. At the suppression hearing and trial, the Government introduced testimony that a curfew was imposed by the City of Biloxi between the hours of 8:00 p.m. and 6:00 a.m. The Harrison County Order

produced by Walker provides:

### REVISED
### NEW COUNTY CURFEW

> Effective Tuesday, September 13, 2005, the curfew for Harrison County will be from 11PM to 6AM. All residents and business owners must adhere to county curfew restrictions, with the exception of businesses near the I-10 corridor, where no curfew will be in place.
>
> **Pre-established municipal curfew restrictions and entry checkpoints for areas south of the railroad tracks will remain in effect. The restrictions are as follows . . . Biloxi: 8PM-6AM**

(Ex. A to Def.'s Mot.)(emphasis added). The Harrison County Order actually supports the Government's position that the Biloxi municipal curfew remained in effect on the date of Walker's arrest and that the curfew began at 8:00 p.m. It appears that Walker interprets the Harrison County Order to provide that Biloxi's 8:00 p.m. curfew was only in place south of the railroad tracks, while he was arrested north of the tracks. However, the Order merely states that the entry checkpoints were in place south of the tracks.

The Court also finds that the dismissal of the curfew charge is irrelevant to the present case and had no precedential effect on the present case. Furthermore, the letter from Walker's attorney constitutes inadmissible hearsay. The Biloxi website printouts only demonstrate the curfew that was in effect prior to the storm and the curfew that was in effect after Walker's arrest. As a result, the Court finds that Weber did not provide ineffective assistance of counsel by failing to seek the introduction of this evidence. These documents would not have demonstrated that a curfew was not in effect at the time of Walker's arrest.

Finally, Walker argues that Weber provided ineffective assistance of counsel by failing to request a jury instruction regarding the lesser included offense of simple possession. Fed. R.

Crim. P. 31 provides that the defendant may be found guilty of an offense necessarily included in the offense charged. A defendant is entitled to an instruction on a lesser included offense if: (1) the elements of the lesser included offense are a subset of the elements of the charged offense; and (2) the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater offense. *United States v. Harrison*, 55 F.3d 163, 166 (5th Cir. 1995) (citing *United States v. Browner*, 889 F.2d 549, 551 (5th Cir. 1989)). "[P]roof of intent to distribute does not require the presence of a certain minimum quantity of controlled substance." *Harrison*, 55 F.3d at 165 (quoting *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir. 1992)). The intent to distribute can be inferred from the presence of distribution paraphernalia, large amounts of cash, or the value or quality of the substance. *Id.*

At Walker's trial, Officer Garner gave the following testimony when he was asked whether the manner in which Walker's cocaine was packaged indicated individual use or distribution:

> Well, there's a lot of things I can tell you about this. The way it's packaged, it's individually wrapped. Anybody that uses narcotics is not gonna individually wrap their narcotics in equal dosage amounts. That's the first thing for this portion of this exhibit, which is the powder cocaine. The crack rocks, I can't tell you exactly how many are in there. There's a lot in there. I can tell you that. They're pretty much equally weighed, cut to a certain weight. And they're sold for $20 per rock on the street.
> These little – these little sandwich – they're tear bags, they're easy to conceal. They're easy to swallow. They're easy to get rid of. They're easy to crumble. So it's individual use – I mean if somebody ate this much or smoked this amount of cocaine or snorted it, it would kill them.

(Trial Transcript at 112). Garner further testified that it was his opinion that the cocaine was packaged for distribution. (*Id.* at 112-113). He also testified that drug dealers often carried large sums of cash and guns to protect their drugs and themselves. (*Id.* at 113). Walker was carrying

$714.00 in cash at the time of the arrest, despite the fact that he was unemployed, and a loaded gun.

The Court notes that the Fifth Circuit has previously held that testimony at a trial indicated that the possession of 7.998 grams of crack cocaine is a distributable amount but is also consistent with personal use. *United States v. Hunt*, 129 F.3d 739, 742 (5th Cir. 1997). The Court held that the possession of that amount of crack along with possession of a gun and drug paraphernalia was insufficient to support a jury verdict that a defendant possessed cocaine with the intent to distribute. *Id.* However, in the present case, Walker had 4.2 grams of cocaine base ("crack") and 3.42 grams of cocaine hydrochloride that appeared to be divided into equally-weighted plastic bags. As explained previously, there was testimony at trial that this indicated the bags were prepared for distribution. He also had a large sum of cash and a loaded gun with a filed serial number. As a result, the present case is distinguishable from the *Hunt* case, and there was no rational basis for an instruction for simple possession. Therefore, Weber did not provide ineffective assistance of counsel to Walker at trial.

## B. Allegations of Perjury and Court Error

Walker also argues that the Government introduced perjured testimony at trial regarding the curfew, that the Court erred in finding that there was a curfew, and that there was insufficient evidence to sustain a conviction or infer intent to distribute cocaine. The Fifth Circuit has held that this Court properly held that a curfew was in place, and there is no evidence before the Court that indicates that Garner's testimony concerning the curfew was false. Furthermore, as explained previously, there was sufficient evidence to infer that Walker intended to distribute the drugs. As a result, these arguments are without merit. The Court finds that Walker's Motion

should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Vacate, Set Aside, or Correct Sentence [50] filed by the defendant, Tonte Deon Walker, pursuant to 28 U.S.C. §2255 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of July, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE