**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:05CR94 LG-JMR** |
| | § | |
| **TONTE DEON WALKER** | § | |

**ORDER GRANTING RETROACTIVE APPLICATION
OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE**

THIS CAUSE comes before the Court on the Defendant's Motion For Reduction of Sentence [100] after voluntary remand from the Fifth Circuit Court of Appeals. The Court of Appeals remanded this case so that the Court may consider whether to exercise its discretion to reduce defendant Tonte Walker's sentence as permitted under Title 18, United States Code, Section 3582(c)(2). *See* Ct. R. 71, entered February 18, 2009.

Walker pled guilty to three charges against him and was sentenced on July 10, 2006 to 57 months imprisonment for Counts One (a firearm charge) and Two (a crack cocaine charge).[1] The guideline range was 57 to 71 months for these "grouped" offenses. Subsequently, Walker moved for a sentence reduction due to the retroactive changes to the guidelines for crack cocaine offenses. The Court initially denied defendant Walker's Section 3582(c)(2) motion because it concluded that "a reduction in Walker's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with policy statements if an amendment does not have the effect of lowering his applicable guideline range because of the operation of another statutory provision, in this case two sentences, one of which runs concurrently with the sentence for crack

---

[1] He was also sentenced to the statutory minimum term of five years imprisonment on Count Three, using/carrying a firearm in relation to a drug trafficking crime. This sentence runs consecutively to the sentence imposed in Counts One and Two.

cocaine, that would not be reduced or effected by the amendment to USSG 1B1.10." Ct. R. 55 p. 2.

However, the parties agree that the Court erred in concluding it had no authorization to consider a sentence reduction in this case. Although a sentence need not be reduced where it runs concurrently with a sentence that is not subject to reduction, in this case the guideline range for the firearms charge (Count One) was based on its grouping with a count that was subject to reduction (the crack charge in Count Two), and a reduction in the Count Two range necessarily calls for a reduction in the range for Count One that was grouped with it. Because retroactive application of the crack guideline has the effect of reducing the guideline range applicable to both Counts One and Two, the Court is authorized to reduce Walker's sentence under Title 18, United States Code, Section 3582(c)(2).

Given that Counts One and Two are groupable offenses, the offense level applicable to both offenses is determined on the basis of the higher guideline - in this case, the crack guideline. U.S.S.G. § 3D1.2(c). With the two-level reduction of the crack guideline, the offense level for the crack offense in Count Two (level 22) is greater than that for the firearms offense in Count One (level 16). Thus, the reduced crack offense level of 22 would govern the grouped offenses and would call for a lower guideline range of 46 to 57 months imprisonment as to both counts. In light of this reduction, the Court is authorized to consider whether to reduce Walker's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Walker requested a reduction to 46 months imprisonment, which is consistent with the Court's earlier decision to sentence Walker at the lowest level of the guideline range. Ct. R. 49.

The government argues that Walker's current sentence is still within the lower guideline range, and Walker is not entitled to a sentence reduction just because the range has been lowered. After careful consideration of the respective arguments, the Court finds that Walker should be granted a sentence reduction from 57 months to 46 months imprisonment on Counts One and Two.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Reduction of Sentence [100] is **GRANTED**. Defendant's sentence is reduced from 57 months to 46 months imprisonment as to Counts One and Two. All other terms and provisions of the original judgment remain in effect.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall immediately transmit a copy of this order to the Bureau of Prisons.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge